# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
## Eastern Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 18-45296-659 |
| **RODELIN JOHNSON** | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| **NICHOLAS FINANCIAL INC.** | ) | |
| Movant, | ) | DOCKET NO. _____ |
| v. | ) | |
| **RODELIN JOHNSON** | ) | |
| Respondent. | ) | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY
## AND MEMORANDUM IN SUPPORT THEREOF

**COMES NOW,** Nicholas Financial Inc. and its subsidiaries, affiliates, predecessors in interest, successors or assigns ("Movant") by and through its attorneys, Melinda J. Maune and Amy Tucker Ryan, and the law firm of Martin Leigh PC, in support of its Motion for Relief From Automatic Stay states as follows:

1. On or about August 22, 2016, Rodelin Johnson ("Debtor") executed and delivered to Dave Sinclair Lincoln, a Retail Installment Contract ("Contract") in the original financed amount of $11,883.50. A true and correct copy of the Contract is attached hereto as Exhibit "A" and incorporated herein by this reference. The Contract was assigned to Movant.

2. The Contract is secured by a properly perfected lien on the following motor vehicle:
    2009 Nissan Maxima VIN: 1N4AA51E69C842657 ("Collateral")

A true and correct copy of the Notice of Lien is attached hereto as Exhibit "B" and incorporated herein by this reference.

3. Debtor filed for relief under Chapter 7 of the United States Bankruptcy Code on August 17, 2018.

4. Upon information and belief, Debtor has allowed the insurance policy to lapse on the Collateral. The lapse of insurance coverage is a violation of the terms of the Contract and the local rules of this Court.

5. The account with Movant is due and owing for the July 2018, payment and each payment due thereafter, for a total amount past due of $1,116.42. Thus, for "cause" relief from the automatic stay is appropriate and should be granted.

6. As of August 23, 2018, the principal balance of the Contract was $12,112.98.

7. Debtor has not offered Movant adequate protection for the payment of indebtedness described herein, 11 U.S.C. § 362 (d)(2).

8. Upon information and belief, Debtor has little or no equity in the Property for the benefit of the bankruptcy estate and said Property is not necessary for an effective reorganization. 11 U.S.C. §362(d)(2)(A) and §362(d)(2)(B).

9. To the extent the Trustee intends to the sell the Property, Movant requests that Movant be provided adequate protection of its interest in the Property.

10. Movant requests that any order modifying the stay be effective immediately as allowed under Federal Bankruptcy Rule 4001(a)(3).

**WHEREFORE**, for the foregoing reasons, Movant respectfully requests that this Court enter an Order Granting Relief From the Automatic Stay under §362 (d)(1), §362 (d)(2)(A) and §362 (d)(2)(A)(B) to enable Movant to exercise any and all rights provided under non-bankruptcy law, that upon entry of an Order Granting Relief from Stay the collateral is deemed to be abandoned by the Chapter 7 Trustee as an asset of the bankruptcy estate, and that Federal Bankruptcy Rule 4001(a)(3) is waived in order to permit Movant to immediately exercise any and all rights provided under non-bankruptcy law and for such other and further relief as is just and appropriate under the circumstance.

Respectfully submitted,

MARTIN LEIGH PC

*s/ Melinda J. Maune*
Melinda J. Maune, #49797, mjm@martinleigh.com
Amy Tucker Ryan, #49047, atr@martinleigh.com
1044 Main Street, Suite 900
Kansas City, Missouri 64105
Telephone: (816) 221-1430
Fax: (816) 221-1044
ATTORNEYS FOR MOVANT

## **CERTIFICATE OF SERVICE**

  I certify that a true and correct copy of the foregoing document was filed electronically on the 29th day of August, 2018, with the United States Bankruptcy Court, and has been served on the parties in interest via e-mail by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List.

  I certify that a true and correct copy of the foregoing document was filed electronically with the United States Bankruptcy Court, and has been served by Regular United States Mail Service, first class, postage fully pre-paid, addressed to the parties listed below on the 29th day of August, 2018:

Rodelin Johnson
2782 San Rafael Place
Saint Louis, MO 63114

              /s/ Melinda J. Maune
              Melinda J. Maune, Attorney for Creditor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**Eastern Division**

| | | |
|---|---|---|
| **In re:** ) | | |
| ) | Case No. 18-45296-659 | |
| **RODELIN JOHNSON** ) | | |
| Debtor. ) | Chapter 7 | |
| ) | | |
| **NICHOLAS FINANCIAL INC.** ) | | |
| Movant, ) | DOCKET NO. _____ | |
| v. ) | | |
| **RODELIN JOHNSON** ) | | |
| Respondent. ) | | |

## SUMMARY OF EXHIBITS

Pursuant to L.R. 9040-1, the following exhibits are referenced in support of Movant's Motion for Relief. Copies of these exhibits will be provided as required by Local Rules and are available upon request:

      A)    Retail Installment Contract

      B)    Notice of Lien

      Respectfully submitted,

      MARTIN LEIGH PC

      *s/ Melinda J. Maune*
      Melinda J. Maune, #49797, mjm@martinleigh.com
      Amy Tucker Ryan, #49047, atr@martinleigh.com
      1044 Main Street, Suite 900
      Kansas City, Missouri 64105
      Telephone:    (816) 221-1430
      Fax:             (816) 221-1044
      ATTORNEYS FOR MOVANT

# CERTIFICATE OF SERVICE

   I certify that a true and correct copy of the foregoing document was filed electronically on the 29th day of August, 2018, with the United States Bankruptcy Court, and has been served on the parties in interest via e-mail by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List.

   I certify that a true and correct copy of the foregoing document was filed electronically with the United States Bankruptcy Court, and has been served by Regular United States Mail Service, first class, postage fully pre-paid, addressed to the parties listed below on the 29th day of August, 2018:

Rodelin Johnson
2782 San Rafael Place
Saint Louis, MO 63114

                /s/ Melinda J. Maune
                Melinda J. Maune, Attorney for Creditor

MO-102 10/10/2015

# Retail Installment Contract and Security Agreement

| Seller Name and Address | Buyer(s) Name(s) and Address(es) | Summary | |
|---|---|---|---|
| DAVE SINCLAIR LINCOLN<br>7500 S. LINDBERGH<br>ST. LOUIS MO 63125 | RODELIN JOHNSON<br>10243 COBURG LANDS<br>ST. LOUIS MO 63137 | No.<br>Date | 08/22/2016 |

☐ Business, commercial or agricultural purpose Contract.

## Truth-In-Lending Disclosure

| Annual Percentage Rate<br>The cost of your credit as a yearly rate. | Finance Charge<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid when you have made all scheduled payments. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of<br>$ 2,100.00 |
|---|---|---|---|---|
| 25.000 % | $ 9,259.30 | $ 11,883.50 | $ 21,142.80 | $ 23,242.80 |

**Payment Schedule.** Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 60 | $ 352.38 | MONTHLY BEGINNING 10/06/2016 |
| N/A | $ N/A | N/A |
| N/A | $ N/A | N/A |

**Security.** You are giving us a security interest in the Property purchased.

**Late Charge.** If you fail to pay your scheduled payment, in full, within 15 days of its due date, you agree to pay: 1. a late charge of $5.00, if the amount of your scheduled payment is $25.00 or less; 2. otherwise, a late charge of 5% of the amount of your scheduled payment, subject to a minimum late charge of $10.00 and a maximum late charge of $25.00.

**Prepayment.** If you pay off this Contract early, you ☐ may ☑ will not have to pay a Minimum Finance Charge.

**Contract Provisions.** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

## Description of Property

| Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|
| 2009 | NISS | MAXIMA | 4D | 1N4AA51E69C842657 | 59694 |

☐ New
☑ Used
☐ Demo

Other:

## Description of Trade-In

1999 PONTIAC GRAND PRIX

## Conditional Delivery

☐ Conditional Delivery. If checked, you agree that the following agreement regarding securing financing ("Agreement") applies: ___N/A___
___N/A___. The Agreement is part of this Contract. The Agreement will no longer control after the assignment is accepted. If there are any conflicts between the terms of the Agreement and the Contract, the terms of this Contract will apply.

## Itemization of Amount Financed

a. Price of Vehicle, etc. (incl. sales tax of
$___N/A___) $ 13,777.00
b. Service Contract, paid to:
___N/A___ $ N/A
c. Cash Price (a+b) $ 13,777.00
d. Trade-in allowance $ 300.00

☐ Single-Interest Insurance. You must purchase single-interest insurance as part of this sale transaction. You may purchase the coverage from a company of your choice, reasonably acceptable to us. If you buy the coverage from or through us, you will pay
$___N/A___ for ___N/A___ of coverage.

## Sales Agreement

**Payment.** You promise to pay us the principal amount of $ 11,883.50 plus finance charges accruing on the unpaid balance at the rate of 25.000 % per year from the date of this Contract until paid in full. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the *Truth-In-Lending Disclosure*. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

**Down Payment.** You also agree to pay or apply to the Cash Price, on or before the date of this Contract, any cash, rebate and net trade-in value described in the *Itemization of Amount Financed*.

☐ You agree to make deferred down payments as set forth in your Payment Schedule.

☐ Minimum Finance Charge. You agree to pay a minimum finance charge

**EXHIBIT A**

...ked, you agree that the following agreement regarding applies: _N/A_

ct _____. The Agreement is part of this Contract. The Agreement will no longer control after the assignment is accepted. If there are any conflicts between the terms of the Agreement and the Contract, the terms of this Contract will apply.

## Itemization of Amount Financed

a. Price of Vehicle, etc. (incl. sales tax of
   $_____N/A_____)                              $_____13,777.00
b. Service Contract, paid to:
   _____N/A_____                                $_____N/A
c. **Cash Price** (a+b)                           $_____13,777.00
d. Trade-in allowance                             $_____300.00
e. Less: Amount owing, paid to (includes m):
   _____N/A_____                                $_____N/A
f. Net trade-in (d-e; if negative, enter $0 here and enter
   the amount on line m)                          $_____300.00
g. Cash payment                                   $_____1,800.00
h. Manufacturer's rebate                          $_____N/A
i. Deferred down payment                          $_____N/A
j. Other down payment (describe)
   _____N/A_____                                $_____N/A
k. **Down Payment** (f+g+h+i+j)                   $_____2,100.00
l. **Unpaid balance of Cash Price** (c-k)         $_____11,677.00
m. Financed trade-in balance (see line f)         $_____N/A
n. Paid to public officials, including filing fees $_____7.50
o. Insurance premiums paid to insurance company(ies) $_____N/A
p. Administrative Fee                             $_____199.00

AN ADMINISTRATIVE FEE IS NOT AN OFFICIAL FEE AND IS NOT REQUIRED BY LAW BUT MAY BE CHARGED BY A DEALER. THIS ADMINISTRATIVE FEE MAY RESULT IN A PROFIT TO DEALER. NO PORTION OF THIS ADMINISTRATIVE FEE IS FOR THE DRAFTING, PREPARATION, OR COMPLETION OF DOCUMENTS OR THE PROVIDING OF LEGAL ADVICE. THIS NOTICE IS REQUIRED BY LAW.

q. To: N/A                                        $_____N/A
r. To: N/A                                        $_____N/A
s. To: N/A                                        $_____N/A
t. To: N/A                                        $_____N/A
u. To: N/A                                        $_____N/A
v. To: N/A                                        $_____N/A
w. To: ____                                       $_____N/A
x. To: ____                                       $_____N/A
y. To: N/A                                        $_____N/A
z. To: N/A                                        $_____N/A
aa. **Total Other Charges/Amts Paid** (m thru z)  $_____206.50
bb. **Prepaid Finance Charge**                    $_____0.00
cc. **Amount Financed** (l+aa-bb)                 $_____11,883.50

We may retain or receive a portion of any amounts paid to others.

## Insurance Disclosures

Credit Insurance. Credit life and credit disability (accident and health) are not required to obtain credit and are not a factor in the credit decision. We will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below only the coverages you have chosen to purchase.

**Credit Life**
☐ Single  ☐ Joint  ☒ None
Premium $_____ N/A Term _____ N/A
Insured _____

**Credit Disability**
☐ Single  ☐ Joint  ☒ None
Premium $_____ N/A Term _____ N/A
Insured _____N/A_____

Your signature below means you want (only) the insurance coverage(s) quoted above. If "None" is checked, you have declined the coverage we offered.

N/A

---

plus finance charges accruing on the unpaid balance at the rate of _____25.000_____ % per year from the date of this Contract until paid in full. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the *Truth-In-Lending Disclosure*. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

**Down Payment.** You also agree to pay or apply to the Cash Price, on or before the date of this Contract, any cash, rebate and net trade-in value described in the *Itemization of Amount Financed*.

☐ You agree to make deferred down payments as set forth in your Payment Schedule.

☐ **Minimum Finance Charge.** You agree to pay a minimum finance charge of $_____N/A_____ if you pay this Contract in full before we have earned that much in finance charges.

## Additional Protections

You may buy any of the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. The voluntary protections will not be provided unless you sign and agree to pay the additional cost.

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no coverage or charge is given for an item, you have declined any such coverage we offered.

☐ Service Contract
Term _____
Price     $_____ N/A
Coverage  _____ N/A

☐ Gap Waiver or Gap Coverage
Term      N/A
Price     $_____ N/A
Coverage  _____ N/A

☐ _____ N/A
Term      _____ N/A
Price     $_____ N/A
Coverage  _____ N/A

By: _____  Date: _____

By: _____  Date: _____
    N/A
By: _____  Date: _____

## Signature Notices

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.*

## Signatures

**Entire Agreement.** Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

By: _[signature]_ RODELIN JOHNSON        Date: 08/22/2016

By: _____  Date: _____
    N/A
By: _____  Date: _____

|   |   |   |
|---|---|---|
|   | $ | N/A |
|   | $ | N/A |
| NF | 'aid (m thru z) $ | 206.50 |
| bb. Prepaid Finance Charge | $ | 0.00 |
| cc. Amount Financed (l+aa-bb) | $ | 11,883.50 |

We may retain or receive a portion of any amounts paid to others.

## Insurance Disclosures

**Credit Insurance.** Credit life and credit disability (accident and health) are not required to obtain credit and are not a factor in the credit decision. We will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below only the coverages you have chosen to purchase.

**Credit Life**
☐ Single ☐ Joint ☒ None
Premium $_____ N/A Term _____ N/A
Insured _____

**Credit Disability**
☐ Single ☐ Joint ☒ None
Premium $_____ N/A Term _____ N/A
Insured _____ N/A

Your signature below means you want (only) the insurance coverage(s) quoted above. If "None" is checked, you have declined the coverage we offered.

By: ___N/A___ DOB _____

By: ___N/A___ DOB _____

By: ___N/A___ DOB _____

You have the right to cancel credit insurance within 15 days of buying it and receive a full refund or credit for the credit insurance premium.

**Property Insurance.** You must insure the Property securing this Contract. You understand that you are free to insure your Property with whatever licensed company, agent or broker you may choose; that you may do so at any time after the date of this loan; that you have not cancelled any existing insurance on your Property if you owned it before this loan; and that this loan cannot be denied you simply because you did not purchase your insurance through us. **YOU MAY NOT NEED TO PURCHASE CREDIT PROPERTY INSURANCE, AND YOU MAY HAVE OTHER INSURANCE WHICH WE WILL ACCEPT WHICH COVERS THE PROPERTY SECURING THIS LOAN. YOU SHOULD EXAMINE ANY OTHER INSURANCE WHICH YOU HAVE IN ORDER TO DETERMINE IF THIS COVERAGE IS NECESSARY.**

This premium is calculated as follows: N/A
☐ $_____ N/A _____ Deductible, Collision Cov. $ N/A
☐ $_____ N/A _____ Deductible, Comprehensive $ N/A
☐ Fire-Theft and Combined Additional Cov. $ N/A
☐ N/A $ N/A

**Liability insurance coverage for bodily injury and property damage caused to others is not included in this Contract unless checked and indicated.**

## Signature Notices

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.*

## Signatures

**Entire Agreement.** Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

By: *[signature]* RODELIN JOHNSON    Date 08/22/2016

By: _____ N/A _____ Date _____

By: _____ N/A _____ Date _____

**Notice to the Buyer.** Do not sign this Contract before you read it or if it contains any blank spaces. You are entitled to an exact copy of the Contract you sign. Under the law you have the right to pay off in advance the full amount due and to obtain a partial refund of the time price differential.

By signing below, you agree to the terms of this Contract. You received a copy of this Contract and had a chance to read and review it before you signed it.

Buyer
By: X *[signature]* RODELIN JOHNSON    Date 08/22/2016

By: _____ Date _____

By: _____ Date _____

Seller
By: *[signature]* DAVE SINCLAIR LINCOLN    Date _____

**Assignment.** This Contract and Security Agreement is assigned to NICHOLAS FINANCIAL ___X X___, the Assignee, phone (314) 748-7050. This assignment is made ☐ under the terms of a separate agreement made between the Seller and Assignee. ☐ under the terms of the *Assignment by Seller* section on page 2. ☐ This Assignment is made with recourse.

Seller
By: *[signature]* DAVE SINCLAIR LINCOLN    Date 08/22/2016

Retail Installment Contract-MO Not for use in transactions secured by a dwelling.
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015

To Reorder Form: 1-800-552-9410    **Original**    RSSIMVLF-MO 10/10/2015
_____ Page 1 of 2



'enicle, all accessions, attachments, accessories, and  
ticle and in all other Property. You also assign to us and  
eds and premium refunds of any insurance and service  
tract.

**Duties Toward Property.** By giving us a security interest in the Property, you represent and agree to the following:

- You will defend our interests in the Property against claims made by anyone else. You will keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
- You will keep the Property in your possession and in good condition and repair. You will use the Property for its intended and lawful purposes.
- You agree not to remove the Property from the U.S. without our prior written consent.
- You will not attempt to sell the Property, transfer any rights in the Property, or grant another lien on the Property without our prior written consent.
- You will pay all taxes and assessments on the Property as they become due.
- You will notify us with reasonable promptness of any loss or damage to the Property.
- You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**Agreement to Provide Insurance.** You agree to provide property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the *Insurance Disclosures* section, or as we will otherwise require. You will name us as loss payee on any such policy. Generally, the loss payee is the one to be paid the policy benefits in case of loss or damage to the Property. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You will keep the insurance in full force and effect until this Contract is paid in full.

Unless you provide evidence of the insurance coverage required by this Contract, we may purchase insurance at your expense to protect our interests in the Property. This insurance may, but need not, protect your interests. The coverage that we purchase may not pay any claim that you make or any claim that is made against you in connection with the Property. You may later cancel any insurance purchased by us, but only after providing evidence that you have obtained insurance as required. If we purchase insurance for the Property, you will be responsible for the costs of that insurance, including the insurance premium, interest and any other charges we may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. The costs of the insurance may be added to your total outstanding balance or obligation. The costs of the insurance may be more than the cost of insurance you may be able to obtain on your own.

**Gap Waiver or Gap Coverage.** In the event of theft or damage to the Vehicle that results in a total loss, there may be a gap between the amount due under the terms of the Contract and the proceeds of your insurance settlement and deductibles. You are liable for this difference. You have the option of purchasing Gap Waiver or Gap Coverage to cover the gap liability, subject to any conditions and exclusions in the Gap Waiver or Gap Coverage agreements.

## Notices

Note. If the primary use of the Vehicle is non-consumer, this is not a consumer contract, and the following notice does not apply. **NOTICE. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

If you are buying a used vehicle: The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

Sí compra un vehículo usado: La información que ve adherida en la ventanilla forma parte de éste contrato. La información contenida en el formulario de la ventanilla prevalece por sobre toda otra disposición en contrario incluida en el contrato de compraventa.

Missouri Department Of Revenue Notice of Lien Application  Page 1 of 1

Missouri Department of Revenue
PO Box 3355
Jefferson City, MO 65105-3355

Nicholas Financial
3780 S Lindbergh Bl
St Louis, MO 63127

You have successfully filed a Notice of Lien with the following information:

**Owner Information**

Owner | Johnson Rodelin
10243 Coburg Lands
St Louis, MO 63137

DLN/FEIN Number

**Unit Description**

| | |
|---|---|
| Vehicle Type | Passenger Vehicle |
| Make NISS | Year 2009 |
| VIN/HIN | 1N4AA51E69C842657 |
| Purchase Date | 08/22/2016 |
| Lien Date | |
| Net Price | $13477 |

**Lien Information**

| | |
|---|---|
| Lienholder Type | Finance Company |
| Lienholder ID Number | 0-52357 |
| Lienholder | Nicholas Financial
3780 S Lindbergh Bl
St Louis, MO 63127 |
| Future Advances | No |
| Refinance or No Change Of Ownership | No |

**Filing Information**

| | |
|---|---|
| NOL File Date | 08/24/2016 |
| Fee | $2.50 |
| Office Number | 227-001 |
| Control Number | 816303IU |

This is your receipt - Please print this page for your records.

**EXHIBIT B**

https://dors.mo.gov/dmv/nol/nolSave.do